# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
REONA DAKOTA LYNCH,              *
                                *    No. 12-676V
            Petitioner,         *    Special Master Christian J. Moran
                                *
v.                              *    Filed: June 2, 2014
                                *
SECRETARY OF HEALTH             *    Stipulation; trivalent influenza
AND HUMAN SERVICES,             *    ("flu" or "FluMist") vaccine;
                                *    optic neuritis.
            Respondent.         *
* * * * * * * * * * * * * * * * * * * *
```

Alexander Laufer, Eisenhower & Laufer, P.C., Fairfax, VA, for Petitioner;
Glenn Macleod, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 30, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Reona Lynch on October 5, 2012. In her petition, Ms. Lynch alleged that the trivalent influenza ("flu" or "FluMist") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on September 26, 2009, caused her to suffer a left optic neuritis with permanent vision loss. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her alleged vaccine injury.

Respondent denies that the FluMist vaccine caused petitioner's alleged left optic neuritis or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A."  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $180,000.00 in the form of a check payable to petitioner, Reona Dakota Lynch.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-676V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * * *  *  *
                                                   *
REONA DAKOTA LYNCH,                                *
                                                   *
               Petitioner,                         *
                                                   *
v.                                                 *   No. 12-676V
                                                   *   SPECIAL MASTER
                                                   *   CHRISTIAN J. MORAN
SECRETARY OF HEALTH                                *
AND HUMAN SERVICES,                                *
                                                   *
               Respondent.                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

STIPULATION

The parties hereby stipulate to the following matters:

1. Mark A Lynch and Yosimi Lynch, as the parents of Reona Dakota Lynch

("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition

seeks compensation for injuries allegedly related to petitioner's receipt of trivalent influenza

("flu" or "FluMist") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3 (a).[1]

2. Petitioner received a FluMist vaccination on or about September 26, 2009.

3. The vaccine was administered within the United States.

4. Petitioner claims that she suffered a left optic neuritis with permanent vision loss,

which was caused in fact by the FluMist immunization she received on or about September 26,

2009.

---

[1] On February 11, 2014, Mark and Yosimi Lynch moved to amend the caption in this matter requesting that, in light of her 18th birthday on June 25, 2013, Reona Dakota Lynch be shown as the named petitioner. The special master granted the motion on February 12, 2014.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her alleged vaccine injury.

6. Respondent denies that the FluMist vaccine caused petitioner's alleged left optic neuritis or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $180,000.00, in the form of a check payable to petitioner representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 26, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about October 5, 2012, in the United States Court of Federal Claims as petition No. 12-676V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the FluMist vaccination caused petitioner's alleged left optic neuritis or any other injury or any of her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Page 4 of 5

Respectfully submitted,

PETITIONER:

REONA DAKOTA LYNCH

ATTORNEY/OF RECORD FOR
PETITIONER:

ALEXANDER LAUFER, ESQ.
EISENHOWER & LAUFER, P.C.
4041 University Drive, Suite 100
Fairfax, VA 22030
Tel: (703) 352-9690
Fax: (703) 352-9695

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 5/30/14